IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN MUNIS, | § § § | |
| *Plaintiff,* | § § § | SA-21-CV-00318-OLG |
| vs. | § § § | |
| HARBOR FREIGHT TOOLS, USA, INC., | § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Defendant Harbor Freight Tools USA, Inc.'s Motion to Strike Plaintiff's Section 18.001 Affidavits [#11], which was referred to the undersigned on June 1, 2021, for disposition. Having reviewed the motion, Defendant's Notice of Filing Counter-Affidavits [#12] and Plaintiff's response to the motion [#13], the Court will deny the motion without prejudice.

This case is a personal-injury action that arises out of injuries Plaintiff allegedly sustained while patronizing the Harbor Freight Tools Store No. 259 in San Antonio, Texas. Plaintiff alleges overstocked boxes fell on top of him while he was shopping, resulting in injury to his head and a nose fracture. Plaintiff asserts various negligence causes of action against Defendant related to the incident.

As part of the discovery process, Plaintiff served his initial Rule 26 disclosures and several hundreds of pages of medical and billing records documenting his treatment after the incident. The production included three Section 18.001 affidavits from three of Plaintiff's medical providers attesting that the services provided were necessary and the amounts charged to Plaintiff were reasonable. Defendant's motion asks the Court to strike these affidavits and find

1

that Section 18.001 of the Texas Civil Practice and Remedies Code is a procedural statute inapplicable in this case, which arises under the Court's federal diversity jurisdiction.

Plaintiff asks the Court to deny the motion as premature, as he has not yet filed any formal notice of affidavits and has not indicated any intent to offer them into evidence at this time. Plaintiff argues the affidavits were merely sent to Defendant as part of the discovery process. Defendant formally filed the Counter-Affidavit of Charlotte L. Warmington [#12], along with its motion to strike. Plaintiff has not moved to strike the counter-affidavit.

The Court will deny Defendant's motion without prejudice as premature in light of the fact that Plaintiff has not yet attempted to file the affidavits pursuant to Section 18.001. Section 18.001 of the Texas Civil Practices and Remedies Code provides an alternative mechanism for a plaintiff to prove the reasonableness and necessity of his medical expenses, such that expert testimony is not required. Tex. Civ. Prac. & Rem. Code § 18.001(b); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004). Texas courts have recognized that Section 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses." *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011). Section 18.001 contains certain procedural requirements to employ this method of proof, which include notice to the clerk of court when serving the affidavit on a defendant. *See* Tex. Civ. Prac. & Rem. Code § 18.001(d).

Plaintiff has not filed any such notice with the Court and indicates in his response that he has not yet decided whether to rely on these affidavits. The undersigned reminds Plaintiff that he has only 90 days from the date of the filing of Defendant's Answer to formally file these

affidavits and provide notice with the Court. *See id.* Defendant filed its Answer on May 7, 2021, meaning that if Plaintiff intends to pursue this method of proof, he must both serve a copy of the affidavits on Defendant and file notice with the Court in accordance with Section 18.001 by August 5, 2021, for the affidavits to be considered timely.

District courts are split as to whether Section 18.001 should apply in federal court. *Compare Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Section 18.001 is procedural rule inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (Section 18.001 is substantive provision of Texas law applicable in diversity cases) (collecting cases). It has been the undersigned's practice to permit the use of Section 18.001 in federal court if both parties agree to the procedure. *See, e.g.*, *Stokes v. Chan*, SA-17-CV-318-FB-ESC (Apr. 11, 2018) (dkt. 42) (Apr. 24, 2018) (dkt. 44). Where the parties do not agree to the practice, the undersigned has recently sided with those courts finding Section 18.001 to be a procedural provision of state law inapplicable in federal court, at least in the context of cases under the Federal Torts Claims Act. *See Ramirez v. United States*, SA-19-CV-72-JKP-ESC (May 6, 2020) (dkt. 37). Thus, if Plaintiff ultimately chooses to pursue this method of proof and files an unopposed or joint motion, the undersigned will grant it. But if the parties remain in disagreement over the use of Section 18.001 in this case, then Defendant may file a response in opposition to any motion by Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant Harbor Freight Tools USA, Inc.'s Motion to Strike Plaintiff's Section 18.001 Affidavits [#11] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

SIGNED this 24th day of June, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE